UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DENISE LACAP                              :
                                          :
        v.                                :        C.A. No. 04-182L
                                          :
JO ANNE B. BARNHART, Commissioner, :
Social Security Administration            :

## REPORT AND RECOMMENDATION

This matter is before the Court for judicial review of a final decision of the Commissioner

of the Social Security Administration ("Commissioner") denying continuation of Supplemental

Security Income ("SSI") benefits under the Social Security Act ("Act"), 42 U.S.C. § 405(g). Plaintiff

filed her Complaint on May 18, 2004 seeking to reverse the decision of the Commissioner. Plaintiff

has filed a motion to reverse the Commissioner's decision and remand for further proceedings under

sentence four of 42 U.S.C. § 405(g). The Commissioner has filed a Motion to Affirm her decision.

This matter has been referred to me for preliminary review, findings and recommended disposition.

28 U.S.C. § 636(b)(1)(B). Based upon my review of the entire record, my independent legal

research, and the legal memoranda filed by the parties, I find that there is substantial evidence in this

record to support the Commissioner's decision and findings that the Plaintiff is no longer disabled

within the meaning of the Act. Consequently, I recommend that the Commissioner's Motion to

Affirm (Document No. 14) be GRANTED and that the Plaintiff's Motion for Summary Judgment

(Document No. 9) be DENIED.

## I.    PROCEDURAL HISTORY

Plaintiff filed an application for SSI on December 2, 1997, alleging disability since November 26, 1997. (Tr. 13). Plaintiff was awarded benefits on May 7, 1998, based on the determination that she met Listing 13.25 with cervical cancer requiring treatment. On July 1, 2003 and November 21, 2003, Administrative Law Judge ("ALJ") Martha H. Bower held hearings at which Plaintiff, her mother, a medical expert and a vocational expert testified. (Tr. 21-77). The ALJ issued a decision on February 25, 2004, finding that Plaintiff was no longer disabled because she has experienced medical improvement and she no longer meets or equals Listing 13.25 in light of the "resolution" of Plaintiff's cervical cancer after treatment. (Tr. 19). The ALJ further found that Plaintiff retains the residual functional capacity ("RFC") to perform the non-exertional requirements of all work with a moderate impairment in concentration resulting in a need for simple, repetitive tasks and a moderate impairment in the ability to respond appropriately to customary work pressures due to depression and alcohol abuse. (Tr. 18, 19 at Finding 7). The Appeals Council denied Plaintiff's request for review on April 29, 2004 (Tr. 6-8), rendering the ALJ's decision the final decision of the Commissioner, subject to judicial review. A timely appeal was then filed with this Court.

## II.    THE PARTIES' POSITIONS

Plaintiff argues that the Commissioner's decision should be reversed because in assessing Plaintiff's RFC, the ALJ failed to provide any reasons whatsoever for ignoring the opinion of every physician who offered an opinion regarding Plaintiff's mental RFC, including both treating and non-examining psychologists and psychiatrists. Plaintiff also argues that the ALJ's finding that Plaintiff can return to her past relevant work as a cashier, a tagger and a fast food worker, "as generally

performed in the national economy" is not based on substantial evidence because, even accepting the ALJ's RFC finding that Plaintiff is limited to "simple, repetitive tasks," the Dictionary of Occupational Titles does not support a finding that she has the reasoning ability to return to her past relevant work. Further, Plaintiff contends that the ALJ failed to discuss the mental demands of her past work as required. Finally, Plaintiff asserts that the ALJ failed to properly evaluate Plaintiff's subjective complaints of pain and depression in failing to even reference SSR 96-7p or 20 C.F.R. § 416.927 in her decision and in failing to consider all of the Avery factors as required, including the side effects of her medication. The Commissioner disputes Plaintiff's claims of error and argues that there is substantial evidence in the record as a whole to support her decision that Plaintiff is not entitled to disability benefits.

### III.   THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of Health and Human Servs.,

829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (*per curiam*); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-10 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals

Council).   After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction.  Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-92 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.  Id.

## IV.   THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the

-5-

claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.      Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-76 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(d).  However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(d)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

### B.   Developing the Record

The ALJ has a duty to fully and fairly develop the record.   Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

**C.     Medical Tests and Examinations**

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

**D.     The Five-step Evaluation**

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

-8-

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3); 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

E.     **Other Work**

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is

appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. <u>Nguyen</u>, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. <u>Heggarty</u>, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. <u>See Ferguson v. Schweiker</u>, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

## 1.    Pain

"Pain can constitute a significant non-exertional impairment." <u>Nguyen</u>, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce

the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

(1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

(2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

(3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;

(4)    Treatment, other than medication, for relief of pain;

(5)    Functional restrictions; and

(6)    The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

### 2.    Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352

(11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

## V.    APPLICATION AND ANALYSIS

Plaintiff was forty-six years old at the time the ALJ issued her decision. (Tr. 13, 78). Plaintiff has a tenth grade education and work experience as a department store tagger and cashier, and a fast-food restaurant cashier. (Tr. 140, 144, 178). Medical records confirm Plaintiff's diagnosis of cervical cancer for which she underwent a radical hysterectomy, a course of radiation therapy, and follow-up care covering the period from October 1997 through October 2000. (Tr. 181-247, 254-266, 269-290). On September 25, 2000, Dr. Robert Legare indicated that Plaintiff remained "NED" (no evidence of disease) "from her advanced cervical carcinoma one year and nine months after surgery." (Tr. 391). Similarly, in October 2000, Doctors Yakib Puthowala and C.O. Granar found no evidence of recurrent disease or new physical symptoms. (Tr. 286, 288). Subsequent medical records show that Plaintiff was seen on an emergency basis for low back pain and inflammation following a motor vehicle accident in June and August 2001; and abdominal pain and distention in January 2002, where x-rays showed "postoperative changes to the pelvis." (Tr. 360-367, 412-434, 449-460). During the latter hospitalization, from January 16 through January 18, 2002, Plaintiff complained of arthritic type pain and a bony mass on her right index finger, as well. (Tr. 413). The hospital notes indicate that she was being treated for anxiety/depression, arthritis, and urinary incontinence, and that she was taking Vicodin and Klonopin. (Tr. 361, 413).

-12-

### A.     The ALJ's Mental RFC Assessment is Based on Substantial Evidence

The ALJ concluded, based on a thorough review of the medical record, that there was an "improvement" in the Plaintiff's medical impairment and that she "was no longer disabled as of July 1, 2001." (Tr. 14, 19). The ALJ based her conclusion on medical evidence establishing "the resolution of the [Plaintiff's] cervical cancer after treatment." (Tr. 19). Plaintiff does not, and frankly cannot, credibly challenge this finding based on the administrative record.

Plaintiff, however, does challenge the ALJ's finding that her depression and alcohol abuse do not preclude the performance of past relevant work and argues that this finding is not supported by substantial evidence. Plaintiff argues unconvincingly that the ALJ failed to provide adequate reasons for ignoring the opinion of <u>every</u> physician who offered an opinion on Plaintiff's mental RFC including both treating and nonexamining psychologists and psychiatrists. The ALJ thoroughly analyzed nearly every piece of medical evidence regarding Plaintiff's claimed mental impairments in her decision. (Tr. 16-17). The only two pieces of medical evidence not referenced are reports from nonexamining consultants. <u>See</u> Exs. 17F and 21F. However, these reports were generally consistent with the other reports in the record, and they are not supportive of Plaintiff's position. They conclude that Plaintiff's mental impairments would affect, but not preclude, Plaintiff from performing most work-related functions.

The ALJ also exercised her discretion to determine that Plaintiff's allegations regarding her mental limitations were "not totally credible" for several reasons which are supported by the record. For instance, although Plaintiff testified that she had disabling anxiety attacks and depression, the ALJ correctly notes that the record contains contradictory evidence that Plaintiff is able to perform activities of daily living and social functioning without impairment. (Tr. 18, 54-66). The medical

-13-

expert who testified before the ALJ, Dr. John Ruggiano, psychiatrist, indicated that "there's not a consistent picture of a psychiatric disorder that's been diagnosed and treated" based on his review of the medical records. (Tr. 52). Dr. Ruggiano candidly testified that the records reveal "problems with alcohol" and "conflict with [Plaintiff's] daughters, associated with alcohol use." Id. Plaintiff, however, denied any problems with alcohol, (Tr. 67), despite the fact that her records contain multiple references to alcohol abuse and recommendations of substance abuse counselling. See, e.g., Ex. 34F.

Further, the ALJ correctly notes that Plaintiff had "minimal presentation for psychiatric issues" until after a 2001 case review determined that she was not disabled. (Tr. 18). Plaintiff testified before the ALJ that she did not have any psychiatric treatment from 1997 through 2000 because she "had a lot of things going on" and "didn't have time." (Tr. 57-58). The ALJ also correctly considered the fact that Plaintiff "reported no severe [psychiatric] symptoms until 2003, which makes reports of symptoms and limitations less than credible." (Tr. 18; Exs. 32F to 35F).

In her Reply Brief, Plaintiff argues that the ALJ committed reversible error in ignoring the testimony of Dr. Louis Sorrentenn, a medical expert in psychiatry. Plaintiff's argument, however, focuses on one small part of the record and fails to see the big picture. Dr. Sorrentenn testified briefly at the first hearing before the ALJ. (Tr. 38-39). Although Dr. Sorrentenn did testify that, based primarily if not solely on Plaintiff's testimony, that she met Listings 12.04 (depression) and 12.06 (anxiety), (Tr. 38), Plaintiff fails to advise the Court that the record was incomplete at that time. Both the ALJ and Dr. Sorrentenn discussed that certain "helpful" medical records were not available for review and the ALJ requested the production of additional psychiatric records. (Tr. 38-40). Accordingly, it cannot be disputed that Dr. Sorrentenn's opinion was based on an incomplete

record. At the second hearing, Dr. Ruggiano testified that he had examined all of the medical records (Exs. 1F - 35F) and rendered an opinion unfavorable to Plaintiff. (Tr. 51-52). The ALJ did not err in accepting the fully informed opinion of Dr. Ruggiano over the opinion of Dr. Sorrentenn based on an incomplete record.

Finally, the ALJ did not totally "ignore" those limitations supported by substantial evidence. The ALJ found that Plaintiff had "a moderate impairment in concentration resulting in a need for simple, repetitive tasks and a moderate impairment in the ability to respond appropriately to customary work pressures due to depression and alcohol abuse." (Tr. 18). Based on a review of the entirety of the record, this Court concludes that there is substantial evidence in the record to support the ALJ's conclusions on mental RFC.

**B.     The ALJ's Finding that Plaintiff's RFC Permits her to Return to Her Past Relevant Work is Supported by Substantial Evidence.**

As discussed above, the ALJ concluded that Plaintiff had the RFC to perform the nonexertional requirements of all work except for "moderate" impairments in concentration and the ability to respond appropriately to customary work pressures. (Tr. 19). At the hearing, the ALJ utilized the services of a vocational expert ("VE"), Mr. L. Joseph Testa. (Tr. 68). After reviewing Plaintiff's past work history, the VE testified in a response to a hypothetical question that someone with the "moderate" impairments described above would be able to perform past relevant work as a retail cashier and tagger, and a fast food cashier. (Tr. 68-73).

Plaintiff contends that the ALJ erred by not making specific findings regarding the mental demands of her past work and the affect of her mental impairments on those demands. This Court disagrees. The ALJ appropriately utilized the services of a VE in making her determination. The

VE advised the ALJ that Plaintiff's former work was "unskilled" and required only "light exertion." (Tr. 71). Further, these types of jobs are highly prevalent in today's economy, and both the physical and mental demands of them are plainly evident. Even if you assume for sake of argument that the ALJ did not fully understand the physical and mental demands of Plaintiff's past work, the VE certainly possesses that knowledge, due to his expertise. Plaintiff argues that this Court should remand this case to the ALJ with instructions to make specific findings of fact regarding the mental demands of her past work. Such a remand would place form over substance and would not change either the VE's response to the hypothetical or the ALJ's ultimate findings. Thus, any claimed deficiency as to the specificity of the analysis would be "harmless error" at best.

C.      **The ALJ Properly Considered Plaintiff's Subjective Complaints of Pain and Depression**

As noted above in Section V(A), the ALJ properly evaluated Plaintiff's subjective complaints and found that her allegations were "not totally credible" for several reasons discussed in the ALJ's decision. The ALJ thoroughly reviewed the medical records and determined that Plaintiff's cervical cancer had resolved with treatment. (Tr. 15). She also thoroughly reviewed the medical records related to Plaintiff's other medical complaints, including arthritis, and found "no confirmed diagnosis of arthritis in the record," "unremarkable examination findings" and that Plaintiff's activities were not consistent with her claimed limitations. (Tr. 15, 17).

Although the ALJ's analysis and evaluation of the evidence is not a model of organizational clarity, she does touch all of the bases. As to pain, the ALJ thoroughly reviewed the medical records and correctly determined that they did not support the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. See Avery, 797 F.2d at 21

(existence of a medical impairment is "the primary requirement" in assessing credibility of subjective pain complaints). Further, in finding Plaintiff to be "not totally credible," the ALJ gave specific reasons which were supported by substantial evidence. See Bazile v. Apfel, 113 F. Supp. 2d 181, 186 (D. Mass. 2000). This Court sees no legitimate basis on the state of this record for Plaintiff's request for remand with instructions that the ALJ "reassess her subjective symptoms and credibility." The ALJ has already done so, and her findings are supported by substantial evidence.

## VI.    CONCLUSION

For the reasons stated above, I recommend that the Commissioner's Motion to Affirm (Document No. 14) be GRANTED and that the Plaintiff's Motion for Summary Judgment (Document No. 9) be DENIED. I further recommend that the District Court enter Final Judgment in favor of Defendant.

LINCOLN D. ALMOND
United States Magistrate Judge
June 27, 2005

-17-