UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


DENISE LACAP,                    )
      Plaintiff,                 )
                                 )
                                 )
v.                               )   C.A. No. 04-182L
                                 )
                                 )
JO ANNE B. BARNHART,             )
      Defendant.                 )


DECISION AND ORDER

Ronald R. Lagueux, Senior United States District Judge.

      Denise Lacap ("Plaintiff") brought this suit under 42 U.S.C.
§ 405(g), seeking review of the final decision of the
Commissioner of the Social Security Administration denying
continuation of Supplemental Security Income benefits ("SSI").
After reviewing the Commissioner's decision, United States
Magistrate Judge Lincoln D. Almond issued a Report and
Recommendation opining that the Commissioner's Motion to Affirm
should be granted and that Plaintiff's Motion for Summary
Judgment should be denied. Upon review, this Court adopts
Magistrate Judge Almond's recommendation and concludes that the
decision of the Commissioner should be affirmed.

**Background and Procedural History**

      Plaintiff filed an application for SSI on December 2, 1997,
alleging disability since November 26, 1997. (R. at 13).

1

Plaintiff was awarded benefits on May 7, 1998, based on the determination that she met Listing 13.25 with cervical cancer requiring treatment. A July 17, 2001 disability review by the Social Security Administration concluded that she was no longer disabled as of July 1, 2001 due to medical improvement. (R. at 13, 79-83).

On July 1, 2003 and November 21, 2003, Administrative Law Judge ("ALJ") Martha H. Bower held hearings at which Plaintiff, her mother, medical experts and a vocational expert testified. (R. at 21-77). The ALJ issued a decision on February 25, 2004, finding that Plaintiff was no longer disabled because she has experienced medical improvement and she no longer meets or equals Listing 13.25 in light of the "resolution" of Plaintiff's cervical cancer after treatment. (R. at 19). The ALJ further found that Plaintiff retains the residual functional capacity ("RFC") to perform the non-exertional requirements of all work with a moderate impairment in concentration resulting in a need for simple, repetitive tasks and a moderate impairment in the ability to respond appropriately to customary work pressures due to depression and alcohol abuse. (R. at 18, 19). The Appeals Council denied Plaintiff's request for review on April 29, 2004 (R. at 6-8), making the ALJ's decision the final decision of the Commissioner, subject to judicial review.

Plaintiff sought timely review of the ALJ's decision by

2

filing this suit in this Court. Plaintiff's complaint requests reversal or, alternatively, remand of the Commissioner's decision. The Commissioner, in turn, filed a motion requesting this Court to affirm her decision. This writer subsequently referred the case to Magistrate Judge Lincoln D. Almond for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Almond issued a Report recommending that the Commissioner's decision be affirmed. Plaintiff has objected to the Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(C).

Plaintiff was forty-six years old at the time the ALJ issued her decision. (R. at 13, 78). Plaintiff has a tenth grade education and work experience as a department store tagger and cashier, and a fast-food restaurant cashier. (R. at 140, 144, 178). Medical records confirm Plaintiff's diagnosis of cervical cancer for which she underwent a radical hysterectomy, a course of radiation therapy, and follow-up care covering the period from October 1997 through October 2000. (R. at 181-247, 254-66, 269-90). On September 25, 2000, Dr. Robert Legare indicated that Plaintiff remained "NED" (no evidence of disease) "from her advanced cervical carcinoma one year and nine months after surgery." (R. at 391). Similarly, in October 2000, Doctors Yakub Puthawala and C.O. Granai found no evidence of recurrent disease or new physical symptoms. (R. at 286, 288). Subsequent medical

3

records show that Plaintiff was seen on an emergency basis for low back pain and inflammation following a motor vehicle accident in June and August 2001; and abdominal pain and distention in January 2002, where x-rays showed "postoperative changes to the pelvis." (R. at 360-67, 412-34, 449-60). During the latter hospitalization, from January 16 through January 18, 2002, Plaintiff complained of arthritic type pain and a bony mass on her right index finger, as well. (R. at 413). The hospital notes indicate that she was being treated for anxiety/depression, arthritis, and urinary incontinence, and that she was taking Vicodin and Klonopin. (R. at 361, 413).

### Standard of Review

The role of a district court in reviewing a decision of the Commissioner is limited because, although questions of law are reviewed *de novo*, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g) (2000). The term "substantial evidence" has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

The determination of substantiality must be made upon an evaluation of the record as a whole. Ortiz v. Sec'y of Health and

4

Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) ("We must uphold the Secretary's findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion") (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). In reviewing the record, this Court must avoid reinterpreting the evidence or otherwise substituting its own judgment for that of the Secretary. See Colon v. Sec'y of Health and Human Servs., 877 F.2d 148, 153 (1st Cir. 1989). The resolution of conflicts in the evidence is for the Commissioner, not the courts. Rodriguez, 647 F.2d at 222 (citing Richardson, 402 U.S. at 399).

A district court need not perform the initial evaluation of the decision. Instead, it may refer the matter to a United States Magistrate Judge for a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B)(2000). Upon referral in this case, Magistrate Judge Almond conducted an initial review of the Commissioner's decision using the above standards and found that the ALJ had applied the correct legal standards and that the denial of continuation of SSI was based on substantial evidence. Magistrate Judge Almond thus recommended that the decision be affirmed. Plaintiff objected to the Magistrate Judge's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). When such an objection is properly filed, this Court "shall make a de novo determination of those portions of the report or specified proposed findings or

5

recommendations to which objection is made." 28 U.S.C. §
636(b)(1)(C)(2000).

Therefore, this Court reviews *de novo* Magistrate Judge
Almond's conclusion that the Commissioner's decision be affirmed
and otherwise reviews the Commissioner's decision only to
determine whether or not it is supported by substantial evidence.

### Discussion

Plaintiff advances four arguments in support of her
objection to Magistrate Judge Almond's Report and Recommendation
and requests this Court not to adopt the Report and
Recommendation. First, Plaintiff argues that the ALJ mistakenly
ignored the medical expert testimony of Dr. Louis Sorrentino.
Second, Plaintiff contends that the ALJ's finding that Plaintiff
had minimal presentation for psychiatric issues prior to a 2001
case review was in error. Third, Plaintiff indicates that given
that Plaintiff is limited to "simple, repetitive tasks," she
cannot perform her past relevant work. Finally, Plaintiff argues
that the ALJ failed to properly evaluate Plaintiff's subjective
complaints by not addressing medication side effects.

### Testimony of Dr. Sorrentino

Plaintiff objects to Magistrate Judge Almond's finding that
the "ALJ thoroughly analyzed nearly every piece of medical
evidence regarding Plaintiff's claimed mental impairments."
Report & Recommendation, at 13. Specifically, Plaintiff argues

6

that the ALJ committed reversible error by ignoring the testimony of Dr. Louis Sorrentino, a medical expert in psychiatry.

At the first hearing before the ALJ on July 1, 2003, Dr. Sorrentino rendered an opinion favorable to Plaintiff by indicating that she met Listings for depression and anxiety. (R. at 38). However, before offering his opinion, Dr. Sorrentino conceded that it would be helpful, although not necessary, to have certain medical records that were not available for review. (R. at 38). After hearing Dr. Sorrentino's opinion, the ALJ decided to continue the hearing and request the production of additional psychiatric records. (R. at 38-40). At the second hearing before the ALJ on November 21, 2003, Dr. John Ruggiano, a medical expert in psychiatry, testified that he had examined all of the medical records, including Exhibits 31 through 35, which were not available at the July hearing. (R. at 48, 51). Dr. Ruggiano then offered his opinion that Plaintiff did not have a "consistent picture of a psychiatric disorder that's been diagnosed and treated." (R. at 52).

To support her argument that the ALJ improperly ignored the testimony of Dr. Sorrentino, Plaintiff argues that the ALJ may not ignore such relevant medical evidence. See Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999). However, by failing to address the testimony of Dr. Sorrentino, the ALJ merely ignored the flawed testimony of a medical expert whose opinion was based on

7

an incomplete record rather than on any direct examination of
Plaintiff. Furthermore, Dr. Sorrentino's opinion was superceded
by the testimony of Dr. Ruggiano, which contained the only
opinion of a medical expert based on a complete record.
Therefore, this Court agrees with the finding of Magistrate Judge
Almond that "[t]he ALJ did not err in accepting the fully
informed opinion of Dr. Ruggiano over the opinion of Dr.
[Sorrentino] based on an incomplete record." Report &
Recommendation, at 15. Although the ALJ failed to discuss the
testimony of Dr. Sorrentino which was based on an incomplete
record, the ALJ did not commit reversible error in doing so.

**Minimal Presentation for Psychiatric Issues**

Plaintiff also objects to Magistrate Judge Almond's finding
that "the ALJ correctly notes that Plaintiff had 'minimal
presentation for psychiatric issues' until after a 2001 case
review determined that she was not disabled." Report &
Recommendation, at 14. Plaintiff contends that this finding is
not supported by the record. However, this writer's review of the
record as a whole in this case supports Magistrate Judge Almond's
finding. (R at 18). At the hearing, for example, prior to
acknowledging Plaintiff's hospitalization for a suicide attempt
in April 2001, the ALJ noted that Plaintiff did not have any
psychiatric treatment between 1997 and 2000. (R. at 57-58).
Accordingly, the ALJ's finding that Plaintiff "had minimal

presentation for psychiatric issues until after a review determined she was no longer disabled" is supported by substantial evidence. (R. at 18).

**Vocational Expert Testimony**

Plaintiff argues that Magistrate Judge Almond erred by failing to address Plaintiff's argument that, according to the Dictionary of Occupational Titles ("DOT"), she cannot perform her past relevant work given the ALJ's finding that she is limited to "simple, repetitive tasks." (R. at 19). Plaintiff argues that Social Security Ruling 00-4p requires remand in this matter because the testimony of the Vocational Expert ("VE"), Mr. L. Joseph Testa, conflicts with the DOT. Specifically, Plaintiff argues that the VE's testimony that Plaintiff could perform past relevant work necessarily conflicts with the General Educational Development ("GED") reasoning level of "2" that the DOT assigns to the three jobs cited by the ALJ in her decision.[1]

Social Security Ruling 00-4p provides, in relevant part:

> Occupational evidence provided by a VE . . .
> generally should be consistent with the
> occupational information supplied by the DOT.
> When there is an apparent unresolved conflict
> between VE . . . evidence and the DOT, the
> adjudicator must elicit a reasonable

---

[1]Although Plaintiff's brief argues that a reasoning level of "2" is required for the three jobs cited by the ALJ in her decision, Plaintiff previously submitted three DOT descriptions of the jobs that indicate two of the jobs, tagger and fast food worker, have a reasoning level of "2", while the job of cashier has a reasoning level of "3".

9

> explanation for the conflict before relying
> on the VE . . . evidence to support a
> determination or decision about whether the
> claimant is disabled. At the hearings level,
> as part of the adjudicator's duty to fully
> develop the record, the adjudicator will
> inquire, on the record, as to whether or not
> there is such consistency.

Social Security Ruling 00-4p, reprinted in *West's Social Security Reporting Service*, *Rulings*, at 244 (Supp. 2004).

In her decision, the ALJ found that Plaintiff has "a moderate impairment in concentration resulting in a need for simple, repetitive tasks and a moderate impairment in the ability to respond appropriately to customary work pressures." (R. at 19). At the November hearing, the ALJ posed a pair of hypothetical questions to the VE after the VE had reviewed Plaintiff's past relevant work history. (R. at 68-73). Plaintiff contends that the VE erroneously testified in response to these questions that an individual who is limited to simple, repetitive tasks could perform Plaintiff's past relevant work. However, the hypothetical questions posed to the VE did not include any reference to a need for simple, repetitive tasks. (R. at 19, 73). Rather, the VE testified that "an individual with a moderate limitation in concentration and the ability to respond appropriately to customary work pressures" would be able to perform Plaintiff's past relevant work.[2] (R. at 73). This

---

[2]It is unclear why the ALJ's RFC assessment indicates Plaintiff's "need for simple, repetitive tasks" and yet the ALJ

statement of Plaintiff's limitation is not necessarily
inconsistent with a GED reasoning level of 2, which requires the
ability to "apply commonsense understanding to carry out detailed
but uninvolved written or oral instructions. Deal with problems
involving a few concrete variables in or from standardized
situations." <u>Dictionary of Occupational Titles</u>, Appendix C, § III
(rev. 4th ed. 1991); <u>see</u> <u>Doucette v. Barnhart</u>, 2004 U.S. Dist.
LEXIS 25023, at *3, *17 (D. Me. Dec. 13, 2004), <u>aff'd</u>, 2005 U.S.
Dist. LEXIS 105 (D. Me. Jan. 4, 2005) (holding that the VE's
testimony that the claimant could perform a job with a GED
reasoning level of 2 did not conflict with the DOT where the
hypothetical posed to the VE did not include a limitation to
simple tasks despite the ALJ's determination that claimant
retained the RFC to complete routine, simple tasks). As the VE's
testimony does not conflict with the DOT as Plaintiff contends,
remand is not required in accordance with Social Security Ruling
00-4p.

**Medication Side Effects**

Finally, Plaintiff objects to Magistrate Judge Almond's
determination that the ALJ "does touch all the bases" in

_____

did not expressly include this need in the hypotheticals posed to
the VE. As neither party has called attention to this apparent
discrepancy, this Court will deem it inconsequential. <u>See</u> <u>Howard</u>
<u>v. Massanari</u>, 255 F.3d 577, 582 (8th Cir. 2001) ("ALJ's
hypothetical concerning someone who is capable of doing simple,
repetitive, routine tasks adequately captures [plaintiff's]
deficiencies in concentration, persistence or pace").

considering Plaintiff's subjective complaints of pain and
depression. Report & Recommendation, at 16. Plaintiff argues that
this conclusion should be rejected because the ALJ did not
address medication side effects as required by Avery v. Sec'y of
Health & Human Servs., 797 F.2d 19 (1st Cir. 1986).

In Avery, the First Circuit held that the following six
factors must be considered in assessing whether a claimant's
alleged pain limits the claimant's ability to perform substantial
gainful activity:

> (1)   The nature, location, onset, duration,
>       frequency, radiation, and intensity of
>       any pain;
> (2)   Precipitating and aggravating factors
>       (e.g., movement, activity, environmental
>       conditions);
> (3)   Type, dosage, effectiveness, and adverse
>       side-effects of any pain medication;
> (4)   Treatment, other than medication, for
>       relief of pain;
> (5)   Functional restrictions; and
> (6)   The claimant's daily activities.

Avery, 797 F.2d at 29. These six factors are codified at 20
C.F.R. § 416.929(c)(3)(i-vii) and enable an ALJ to award benefits
even when a claimant alleges a degree of pain that exceeds
physical symptoms. See Bazile v. Apfel, 113 F. Supp. 2d 181, 185
(D. Mass. 2000).

Plaintiff alleges that the ALJ failed to consider all of the
Avery factors. Specifically, Plaintiff argues that the ALJ
neither addressed the adverse side effects of Plaintiff's
medications in her decision nor asked Plaintiff about side

12

effects at the hearing. However, the ALJ's decision cites to Dr.
Monzon's October 2002 assessment that Plaintiff was not
experiencing any side effects from her medications. (R. at 16).
Furthermore, at the administrative hearing, the ALJ elicited
testimony from Plaintiff as to the type and dosage of her current
medications. (R. at 63-65). Although the ALJ did not specifically
ask Plaintiff if she was experiencing any adverse side effects
from these medications, a review of the entire record in this
case reveals that at no time did Plaintiff alert the ALJ that
side effects of her medications were an issue in this case. Also,
at no time did the Plaintiff report medication side effects to
the ALJ or to her treating physicians.

Although the ALJ did not specifically ask Plaintiff at the
hearing about medication side effects, this Court is satisfied
that the ALJ adequately considered the Avery factors as a whole
in determining her residual functional capacity. See Lacroix v.
Barnhart, 352 F. Supp. 2d 100, 115 (D. Mass. 2005) (holding that
no grounds for remand existed where, "[b]y and large, the hearing
officer gave adequate attention to all of the relevant Avery
factors, with the exception of 'type, dosage, effectiveness, and
adverse side-effects of any pain medication'") (quoting Avery,
797 F.2d at 29). Thus, this Court agrees with Magistrate Judge
Almond's conclusion that the ALJ properly considered Plaintiff's
subjective complaints of pain and correctly determined that the
medical records in this case "did not support the existence of a

medical impairment which could reasonably be expected to produce the pain or symptoms alleged." Report & Recommendation, at 16.

### Conclusion

For the foregoing reasons, the Report and Recommendation of United States Magistrate Judge Lincoln D. Almond, dated June 27, 2005, is accepted and adopted *in toto*, pursuant to Title 28, United States Code, Section 636(b)(1). Therefore, the decision of the Commissioner, hereby, is affirmed.

It is so ordered.

Ronald R. Lagueux
Senior United States District Judge
July  20  , 2006

14